## JOHN ORR YOUNG, ET AL
### vs.
## HAROLD CARPENTER, ET AL

Superior Court     Fairfield County     File #45728
Shannon & Wilder,     Attorneys for the Plaintiff.
Attorney General,     Attorney for Motor Vehicle Com'r.
Tammany & Connery,     Attorneys for the Defendant.

## MEMORANDUM FILED APRIL 6, 1935.

BALDWIN, J. In July, 1933, the defendant Carpenter was a manager of a gasoline station located at 51 and 53 Main Street, Westport, for the Tidewater Oil Company, the station having the name thereon and being known as "Central Service Station," which name this station had been maintained and operated under since sometime in 1931. The lease of this station under which this company operated was to expire November 1, 1934.

There was a lot next northerly of this station property which had thereon some old dilapidated and unused buildings. Carpenter had secured a lease of this lot and, from time to time, he removed these old buildings and graded up, slightly above the street level, this lot which then became used, somewhat, for parking space.

About July 13, 1933, or shortly prior thereto, he made an oral application to the Zoning Board of Appeals of Westport for permission to install three additional pumps and thereupon

this Board caused a notice to be published three times in a locally published newspaper, the material part of which the following is a copy:

"July 13, 1933. There will be a hearing before the Zoning Board of Appeals on Monday, July 24th, at 2 P. M. in the Town Hall on the following Appeals: Mr. Howard A. Carpenter for an approval certificate for additional pumps at the Central Service Station on Main St. . . . . Zoning Board of Appeals, Fred B. Hubbell, Sec'y."

On July 24, 1933, at the appointed time, the hearing was held as appears from the record of the minutes of this meeting of the Board. These minutes disclose further, the reading of the call, and the part material to this action, as follows:

"Harold A. Carpenter appeared and explained his application and asked for three additional gasoline pumps. There was no opposition. The certificate was signed by all five members."

This certificate is on a card form furnished by the Commissioner of Motor Vehicles and is an "Approval Certificate for Gasoline Station." It was filled out by the defendant Carpenter, dated July 24, 1933, and was for a station to be located at "55-57-29 Main St." The number of pumps to be installed was "3". The location was to be upon a State aid highway. The form upon which the application was made was obtained from the Board of Appeals and was the same as used in other like circumstances, the Board making the corrections necessary to change the certificate from an approval for a gasoline station to an approval for additional pumps since it had on hand no forms for use when additional pumps were applied for and certificates granted therefor.

It is the claim of the Board that this form was issued by the Board through an error without the necessary corrections being made to comply with the application, the advertised notice of the matter to be heard, the hearing that was held and the approval actually granted by the Board, and that no application for a gasoline station was made to the Board, and no hearing advertised upon an application for such station and no hearing on such application held, and no such approval granted in fact by the Board.

The advertised notice of the hearing to be held upon the defendant's application, the record of minutes of the hearing held by the Board and the testimony of all of the members of the Board at the hearing support this claim.

Under the provisions of **Section 1662 of the General Statutes,** any person who desires to obtain a license for the sale of gasoline shall obtain and present to the Commissioner of Motor Vehicles, a certificate of approval of the location for which such license is desired, which certificate shall be issued, in towns having a Zoning Commission, by the Zoning Board of Appeals.

**Section 460b of the Cumulative Supplement of 1933 to the General Statutes,** so far as material to the instant case, is as follows:

"**Sec. 460b. Hearing and finding of suitability.** In any city or town . . . the board of appeals referred to in **Sec. 1662** shall, upon receipt of an application referred to in said section, assign a hearing upon such application not less than two nor more than four weeks from the date of such application, which hearing shall be held within the town . . . where such proposed location is situated, and notice thereof shall be given the applicant for such certificate and by publication three times in a newspaper having a circulation within such town, . . . not less than one week before the date of such hearing. Such applicant shall pay a fee of ten dollars, together with the costs of such publication and expenses of such hearing, to the treasurer of such town, . . . No such certificate shall be issued unless such . . . board of appeals shall find that such location is suitable for the sale of gasoline . . ., due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, sufficiency in number of similar stations or locations in the vicinity, traffic conditions, width of highway and effect of public travel, and shall also find that public convenience and necessity require the sale of such gasoline . . . at the proposed location, that such use of such proposed location will not imperil the safety of the public and that the applicant is a suitable person to conduct such station . . ."

No hearing and no finding by the Board of Appeals as provided for in this section was had.

The approval certificate, so issued by the Board of Appeals with an application for a license to sell gasoline and other products were filed with the Commissioner of Motor Vehicles on August 11, 1933, and after an inspection by the Motor Vehicle Department a license to sell gasoline and other products was issued to the defendant Carpenter and some ten

months thereafter a gasoline station with three pumps was installed upon the property Carpenter had leased to which station the name of the Central Service Station was applied and the defendant Carpenter is carrying on the business of a gasoline station at this location under this license.

The approval certificate issued by the Board for a gasoline station was the result of an error since the hearing which the Board advertised and held and acted upon was upon an application for additional pumps at a station already existing. The necessary statutory procedure for the location of a new station was not had and the license for the sale of gasoline thereat and the location of such new station was void.

A permanent injunction, restraining the defendant Harold A. Carpenter, his agents, employees and servants from selling gasoline and other products and from operating, managing or conducting a gasoline station at or upon the premises located at numbers 55, 57 and 59 Main Street in the Town of Westport, may issue.